# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JOSEPH LUONGO,**

**Petitioner,**

-vs-                                                    Case No.  6:07-mc-76-Orl-28-UAM

**UNITED STATES, INTERNAL REVENUE
SERVICE,**

**Respondent.**

_____

# REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **PETITION TO QUASH IRS SUMMONS AND MOTION FOR PROTECTIVE ORDER (Doc. No. 1)** |
| **FILED:** | **August 13, 2007** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

Petitioner Joseph Luongo filed this miscellaneous action to quash summonses issued by the

Department of Internal Revenue (IRS) to third parties as part of its investigation of Petitioner's tax

liabilities.  The IRS contends that Petitioner failed to comply with statutory service requirements and,

therefore, the Court lacks jurisdiction.

A person's ability to begin a proceeding to quash IRS summonses to third parties is governed

by the Internal Revenue Code, 26 U.S.C. § 7609(b).  This section provides in relevant part that "not

later than the close of the 20-day period referred to in subparagraph (A) such person shall mail by

registered or certified mail a copy of the petition to the person summoned and to such office as the Secretary may direct in the notice." 26 U.S.C. § 7609(b)(2)(B).  Governing regulations provide that "[f]ailure to give timely notice to either the summoned party or the Service in the manner described . . . means that the notified person has failed to institute a proceeding to quash and the district court has no jurisdiction to hear the proceeding." 26 C.F.R. § 301.7609-3(b)(2)(iii).

The IRS admits the Petitioner timely filed his petition to quash with the Court, but argues that the petition to quash was served upon the IRS by regular mail.  Because the petition was not served by registered or certified mail, the IRS contends that no proceeding has been instituted and the Court lacks jurisdiction.  Petitioner admits that he served the petition upon the IRS by regular mail, but argues that the Court should ignore this defect because he complied with the "spirit and intent of the law." Doc. 4 at 6.

It has long been a general rule that waiver by the United States of its of sovereign immunity from suit must be strictly construed. *See, e.g., U.S. v. Michel*, 282 U.S. 656, 660 (1931).  Several other district courts have ruled that § 7609(b)(2)(B) must be strictly construed because it is a waiver of sovereign immunity.  *See, Dorsey v. U.S.,* 618 F.Supp. 471, 474 (D. Md.1985) (failure to mail to proper address was insufficient); *Yocum v. United States*, 586 F. Supp. 317, 319 (N.D. Ind.1984) (letter notification to third party and failure to serve petition on IRS was insufficient);  *McTaggart v. United States*, 570 F. Supp. 547, 551 (E.D. Mich.1983) (failure to mail notice was insufficient); *Fogelson v. United States*, 579 F. Supp. 573, 574 (D. Kan. 1983) (telephonic notice failed to comply with statute).  This Court agrees that § 7609(b)(2)(B) constitutes a waiver of sovereign immunity that

should be strictly construed.   It is undisputed that Petitioner did not comply with the strict requirements of § 7609(b)(2)(B).

**IT IS RECOMMENDED THAT:**

1.      The Court deny the Petitioner's Petition to Quash IRS Summons and Motion for Protective Order for lack of jurisdiction;

2.      The Court deny all other pending motions as moot; and

3.      The Court dismiss the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 16, 2008.

*Donald P. Dietrich*
DONALD P. DIETRICH
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties

-3-